UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY FRANKOVICH, ET AL. | CIVIL ACTION NO.: 26-cv-01315 |
| v. | JUDGE IVAN L.R. LEMELLE |
| LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT | MAGISTRATE: KAREN WELLS ROBY |
| | SECTION B(4) |

**ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT**

NOW INTO COURT, through undersigned counsel, comes Defendant, State of Louisiana, through the Department of Transportation and Development ("DOTD"), who answers the *Class Action Petition for Damages, Declaratory Judgment, and Request for Injunction* (the "Petition") filed on May 22, 2026, by Petitioners, Vic Palazzo, John Helmers, Anthony Frankovich, and Bywater Base Camp Services, LLC, individually and on behalf of allegedly similarly situated persons (hereinafter, collectively, "Plaintiffs"), as follows:

**AFFIRMATIVE DEFENSES**

DOTD asserts the following nonexclusive affirmative defenses:

FIRST AFFIRMATIVE DEFENSE

DOTD alleges that the Petition, in whole or in part, fails to state facts sufficient to state a cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

DOTD alleges that Plaintiffs fail to state a right of action.

THIRD AFFIRMATIVE DEFENSE

To the extent that any or all of Plaintiffs' claims have prescribed, DOTD avers such claims

are barred.

FOURTH AFFIRMATIVE DEFENSE

DOTD avers that Plaintiffs' damages were caused or contributed to by acts and/or omissions that constitute independent, intervening, and/or superseding causes for which DOTD is not legally responsible, and which preclude any finding of liability against DOTD.

FIFTH AFFIRMATIVE DEFENSE

DOTD avers that any alleged negligence or other alleged conduct by DOTD, which DOTD specifically denies, was not the legal cause or sole legal cause of Plaintiffs' alleged damages, and there is no ease of association between the acts complained of and the damages alleged.

SIXTH AFFIRMATIVE DEFENSE

DOTD avers as an affirmative defense the provisions and limitations set forth in La. R.S. 9:2800.

SEVENTH AFFIRMATIVE DEFENSE

DOTD avers as an affirmative defense the Public Duty Doctrine and the Discretionary/Ministerial Doctrine, and the provisions and limitations set forth in La. R.S. 9:2798.1.

EIGHTH AFFIRMATIVE DEFENSE

DOTD avers as an affirmative defense the provisions and limitations set forth in La. R.S. 13:5106 and the Eleventh Amendment to the United States Constitution.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorney's fees, interest, or costs under any theory of law.

TENTH AFFIRMATIVE DEFENSE

DOTD asserts all rights of compensation, set-off, offset, indemnity or contribution that it

may have under applicable law.

ELEVENTH AFFIRMATIVE DEFENSE

DOTD asserts the affirmative defenses of laches, unclean hands, and any other equitable doctrine which may bar in whole or in part the claims of Plaintiffs.

TWELFTH AFFIRMATIVE DEFENSE

DOTD reserves the right to amend its Answer to add additional defenses as discovery proceeds and as additional information becomes available to it.

**ANSWER**

Except as specifically admitted, the allegations contained in the Petition are denied. The allegations regarding the identity and status of the Plaintiffs in the unnumbered first paragraph of the Petition are denied for lack of sufficient information to justify a belief therein. Without waiving the Affirmative Defenses asserted above, and in response to the specific allegations contained in the various numbered paragraphs in the Petition, DOTD specifically avers as follows:

1.

The allegations of Paragraph 1 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 1 are denied.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 are admitted, to the extent they identify DOTD as a department of the State of Louisiana. The remainder of the allegations in Paragraph 7 are denied for a lack of sufficient information to justify a belief therein.

8.

It is admitted that DOTD entered into a written agreement (the "Comprehensive Agreement") with Plenary Infrastructure Belle Chasse, LLC ("Plenary") on or about December 20, 2019, for the construction, financing, operation, and maintenance of the Belle Chasse Bridge & Tunnel Replacement Public-Private Partnership Project, State Project No. H.004791 (the "Project"). Further answering, DOTD avers that the Comprehensive Agreement is in writing and the best evidence of its terms and conditions. The remaining allegations of Paragraph 8 are denied to the extent they do not accurately represent the terms of the Comprehensive Agreement or the DOTD's role in the Project.

9.

The Comprehensive Agreement is in writing and the best evidence of its terms and conditions. The allegations of Paragraph 9 are denied to the extent they do not accurately or completely reproduce the terms of the Comprehensive Agreement.

10.

The allegations of Paragraph 10 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 10 are denied. Further answering, the Comprehensive Agreement is in writing and the best evidence of its terms and conditions. The allegations of Paragraph 10 are denied to the extent they do not accurately represent the terms of the Comprehensive Agreement.

11.

The allegations of Paragraph 11 pertaining to venue and jurisdiction call for a legal conclusion and do not require a response from DOTD, but out of an abundance of caution, to the extent that an answer is required, they are admitted to the extent that the Belle Chasse Bridge is located in Plaquemines Parish. The remaining allegations of Paragraph 11 are denied.

12.

DOTD notes that there is no Paragraph 12 in the Petition.

13.

DOTD notes that there is no Paragraph 13 in the Petition.

14.

DOTD notes that there is no Paragraph 14 in the Petition.

15.

DOTD notes that there is no Paragraph 15 in the Petition.

16.

DOTD notes that there is no Paragraph 16 in the Petition.

17.

The allegations of Paragraph 17 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 17 are denied.

18.

It is admitted that the Belle Chasse Tunnel was constructed in 1955 and used for vehicular travel across the Intracoastal Waterway. The remainder of the allegations in Paragraph 18 are denied as written for a lack of sufficient information to justify a belief therein.

19.

It is admitted that the Belle Chasse Bridge was constructed in 1968 and used for vehicular travel across the Intracoastal Waterway. The remainder of the allegations in Paragraph 19 are denied as written for a lack of sufficient information to justify a belief therein.

20.

It is admitted that vehicular traffic over the Belle Chasse Tunnel and Belle Chasse Bridge increased between 1970 and 2023. The remainder of the allegations in Paragraph 20 are denied as written for a lack of sufficient information to justify a belief therein.

21.

It is admitted that La. R.S. 48:250.4 (the "DOTD P3 Statute") was enacted by Act 519 of the 2016 Louisiana Legislative General Session. Further answering, the text of the DOTD P3 Statute is in writing and the best evidence of its contents. The remaining allegations of Paragraph 21 are denied as written to the extent they do not accurately represent the language of La. R.S.

48:250.4 or the relationships between the parties.

22.

It is admitted that La. R.S. 48:250.4 (the "DOTD P3 Statute") was enacted by Act 519 of the 2016 Louisiana Legislative General Session. Further answering, the text of the DOTD P3 Statute is in writing and the best evidence of its contents. The remaining allegations of Paragraph 22 are denied as written to the extent they do not accurately represent the language of La. R.S. 48:250.4 or the relationships between the parties.

23.

It is admitted that La. R.S. 48:250.4 (the "DOTD P3 Statute") was enacted by Act 519 of the 2016 Louisiana Legislative General Session. Further answering, the text of the DOTD P3 Statute is in writing and the best evidence of its contents. The remaining allegations of Paragraph 23 are denied to the extent they do not accurately represent the language of La. R.S. 48:250.4 or the relationships between the parties.

24.

It is admitted that DOTD entered into a written agreement (the "Comprehensive Agreement") with Plenary Infrastructure Belle Chasse, LLC ("Plenary") on or about December 20, 2019, for the construction, financing, operation, and maintenance of the Belle Chasse Bridge & Tunnel Replacement Public-Private Partnership Project, State Project No. H.004791 (the "Project"). It is further admitted that Plenary entered into a written agreement (the "Tolling Agreement") with Kapsch TraffiCom USA, Inc. ("Kapsch") in connection with the Project. Further answering, those agreements are in writing and the best evidence of their terms and conditions. The allegations of Paragraph 24 are denied to the extent they do not accurately or completely reproduce the terms of those agreements.

25.

It is admitted that Plenary Tolling entered into a written agreement (the "Tolling Agreement") with Kapsch TraffiCom USA, Inc. ("Kapsch") in connection with the Project. Further answering, the Tolling Agreement is in writing and the best evidence of its terms and conditions. Further answering, DOTD notes that Kapsch and Plenary are not named as defendants in this matter. The allegations of Paragraph 25 are denied to the extent they do not accurately or completely reproduce the terms of the Tolling Agreement.

26.

It is admitted that Plenary Tolling entered into a written agreement (the "Tolling Agreement") with Kapsch TraffiCom USA, Inc. ("Kapsch") in connection with the Project. Further answering, the Tolling Agreement is in writing and the best evidence of its terms and conditions. The allegations of Paragraph 26 are denied to the extent they do not accurately or completely reproduce the terms of the Tolling Agreement.

27.

It is admitted that Plenary Tolling entered into a written agreement (the "Tolling Agreement") with Kapsch TraffiCom USA, Inc. ("Kapsch") in connection with the Project. Further answering, the Tolling Agreement is in writing and the best evidence of its terms and conditions. The allegations of Paragraph 27 are denied to the extent they do not accurately or completely reproduce the terms of the Tolling Agreement.

28.

It is admitted that Plenary Tolling entered into a written agreement (the "Tolling Agreement") with Kapsch TraffiCom USA, Inc. ("Kapsch") in connection with the Project. Further answering, the Tolling Agreement is in writing and the best evidence of its terms and conditions.

The allegations of Paragraph 28 are denied to the extent they do not accurately or completely reproduce the terms of the Tolling Agreement.

29.

The allegations of Paragraph 29 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 29 are denied as written.

30.

It is admitted that a tolling system records and reports vehicles traversing the Belle Chasse Bridge. The remaining allegations of Paragraph 30 are denied.

31.

It is admitted that the tolling period commenced on or about May 12, 2025. The remaining allegations of Paragraph 31 are denied.

32.

It is admitted that the Senate Committee on Transportation, Highways, and Public Works held a hearing on September 19, 2025 (the "September 19th Hearing") at which issues involving the Project were discussed and that a recording of the September 19th Hearing can be accessed via the Louisiana Legislature's website. It is further admitted that numerous individuals provided testimony during the September 19th Hearing. Further answering, the recording of the September 19th Hearing provides the best evidence of the events occurring and testimony provided therein. The allegations of Paragraph 32 are denied to the extent they do not accurately or completely reflect the recording of the September 19th Hearing.

33.

It is admitted that the tolling period commenced on or about May 12, 2025, and that the

DOTD issued an order (the "Suspension Order") on or about October 2, 2025. Further answering, the Suspension Order, Comprehensive Agreement, and Tolling Agreement are in writing and the best evidence of their contents. Further answering, DOTD notes that Kapsch and Plenary are not named as defendants in this matter. The remaining allegations of Paragraph 33 are denied to the extent they do not accurately or completely reproduce the terms of the Suspension Order, Comprehensive Agreement, and Tolling Agreement.

34.

It is admitted that the DOTD issued an order (the "Suspension Order") on or about October 2, 2025. Further answering, the Suspension Order is in writing and the best evidence of its contents. The remaining allegations of Paragraph 34 are denied to the extent they do not accurately or completely reproduce the terms of the Suspension Order.

35.

It is admitted that Bryan Adams, Principal Assistant to the Department of Public Safety and Corrections, transmitted correspondence to DOTD Secretary Glenn Ledet. Further answering, that correspondence serves as the best evidence of its contents. The allegations of Paragraph 35 are denied to the extent they do not accurately or completely reproduce the terms of Mr. Adams' correspondence. The remaining allegations of Paragraph 35 are denied as written.

36.

It is admitted that DOTD entered into a written agreement (the "Comprehensive Agreement") with Plenary Infrastructure Belle Chasse, LLC ("Plenary") on or about December 20, 2019, for the construction, financing, operation, and maintenance of the Belle Chasse Bridge & Tunnel Replacement Public-Private Partnership Project, State Project No. H.004791 (the "Project"). Further answering, the Comprehensive Agreement is in writing and the best evidence

of its contents. The remaining allegations of Paragraph 36 are denied to the extent they do not accurately or completely reproduce the terms of the Comprehensive Agreement.

37.

It is admitted that the DOTD issued an order (the "Suspension Order") on or about October 2, 2025. Further answering, the Suspension Order is in writing and the best evidence of its contents. The allegations of Paragraph 37 are denied to the extent they do not accurately or completely reproduce the terms of the Suspension Order. The remaining allegations of Paragraph 37 are denied as written.

38.

The allegations of Paragraph 38 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of Paragraph 39 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

40.

The allegations of Paragraph 40 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 40 are denied.

41.

The allegations of Paragraph 41 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the

allegations of Paragraph 41 are denied for lack of sufficient information to justify a belief therein.

42.

The allegations of Paragraph 42 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

43.

It is admitted that the Senate Committee on Transportation, Highways, and Public Works held a hearing on September 19, 2025 (the "September 19th Hearing") at which issues involving the Project were discussed and that a recording of the September 19th Hearing can be accessed via the Louisiana Legislature's website. Further answering, the recording of the September 19th Hearing provides the best evidence of the events occurring and testimony provided therein. The allegations of Paragraph 43 are denied to the extent they do not accurately or completely reflect the recording of the September 19th Hearing. The remaining allegations of Paragraph 43 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of Paragraph 44 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of Paragraph 45 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the

allegations of Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46.

The allegations of Paragraph 46 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

47.

The allegations of Paragraph 47 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations of Paragraph 48 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

49.

The allegations of Paragraph 49 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

50.

The allegations of Paragraph 50 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

51.

The allegations of Paragraph 51 call for a legal conclusion and do not require a response

from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

52.

The allegations of Paragraph 52 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 52 are denied for lack of sufficient information to justify a belief therein.

53.

The allegations of Paragraph 53 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

54.

The allegations of Paragraph 54 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

55.

The allegations of Paragraph 55 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 55 are denied.

56.

The allegations of Paragraph 56 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 56 are denied.

57.

It is admitted that a portion of the legislative comments to La. Civil Code Article 2299 is contained within Paragraph 57. Further answering, La. Civil Code Article 2299 is in writing and the best evidence of its contents. The allegations of Paragraph 57 are denied to the extent they do not accurately or completely reproduce the language of La. Civil Code Article 2299.

58.

The allegations of Paragraph 58 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 58 are denied.

59.

The allegations of Paragraph 59 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 59 are denied.

60.

The allegations of Paragraph 60 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 60 are denied.

61.

The allegations of Paragraph 61 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 61 are denied.

62.

The allegations of Paragraph 62 call for a legal conclusion and do not require a response

from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 62 are denied.

63.

It is admitted that Plenary Tolling entered into a written agreement (the "Tolling Agreement") with Kapsch TraffiCom USA, Inc. ("Kapsch") in connection with the Project. Further answering, the Tolling Agreement is in writing and the best evidence of its terms and conditions. The allegations of Paragraph 63 are denied to the extent they do not accurately or completely reproduce the terms of the Tolling Agreement.

64.

It is admitted that certain administrative fees were charged to individuals using the Belle Chasse Bridge for vehicular travel. The remaining allegations of Paragraph 64 are denied as written.

65.

The allegations of Paragraph 65 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 65 are denied.

66.

The allegations of Paragraph 66 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 66 are denied as written.

67.

The allegations of Paragraph 67 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the

allegations of Paragraph 67 are denied.

68.

DOTD adopts and re-avers its responses to allegations of Paragraphs 1 through 67 as if set forth in full herein.

69.

It is admitted that Plenary Tolling entered into a written agreement (the "Tolling Agreement") with Kapsch TraffiCom USA, Inc. ("Kapsch") in connection with the Project. Further answering, the Tolling Agreement is in writing and the best evidence of its terms and conditions. The allegations of Paragraph 69 are denied to the extent they do not accurately or completely reproduce the terms of the Tolling Agreement.

70.

The allegations of Paragraph 70 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 70 are denied.

71.

The allegations of Paragraph 71 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 71 are denied. Further answering, the Tolling Agreement is in writing and the best evidence of its terms and conditions. The allegations of Paragraph 71 are denied to the extent they do not accurately or completely reproduce the terms of the Tolling Agreement.

72.

The allegations of Paragraph 72 call for a legal conclusion and do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the

allegations of Paragraph 72 are denied.

73.

The allegations of Paragraph 73 do not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, the allegations of Paragraph 73 are denied.

74.

Plaintiffs' prayer for relief calls for a legal determination and does not require a response from DOTD. Out of an abundance of caution, to the extent that an answer is required, all allegations contained therein are denied.

WHEREFORE, Defendant herein, DOTD, prays that its answers and affirmative defenses be deemed good and sufficient, and after all legal delays and due proceedings are had there be judgment in favor of DOTD, dismissing Plaintiffs' claims, with prejudice, and at Plaintiffs' costs. DOTD further prays for all general and equitable relief as may be proper under the circumstances.

Respectfully submitted,

*/s/ José R. Cot*

José R. Cot (Bar No. 18852)
Benjamin R. Grau (Bar No. 26307)
Ruth Ann Reeves (Bar No. 41383)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 569-2030
Fax: (504) 569-2999
josec@spsr-law.com
beng@spsr-law.com
ruthannr@spsr-law.com

***Attorneys for the State of Louisiana, Department of Transportation and Development***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system and that notice of this filing was sent to all counsel of record by operation of the court's electronic filing system, or via e-mail, facsimile, or United States Postal Service on this day of July 31, 2026.

*/s/ José R. Cot*
JOSÉ R. COT